HAYDEN HUGHES, plaintiff in error, *vs.* JOHN B. COURSEY, defendant in error.

1. On a motion for a new trial, on the ground of newly discovered evidence, the evidence is not cumulative if it refers to a material issue not made at the trial, either by the pleadings or the evidence.

2. When a case was dismissed in this Court for want of prosecution, and it appeared in a bill, filed in the Court below for a new trial, that the plaintiff's counsel had been misled by a statement of the defendant's counsel, to the effect that, under the rules of this Court, the case would be put at the heel of the whole docket, on agreement of counsel, and at the request of said defendant's counsel, and solely for his convenience he had so agreed, and had, in consequence, not appeared at the calling of the case, all of which was admitted by said defendant's counsel, who assumed the whole blame of the non-appearance, and admitted that the plaintiff was in no *laches :*

*Held,* That, as the motion for a new trial was meritorious, and the fault of its miscarriage was with the defendant in error, by his own admission, the Court should have sanctioned the bill.

Equity. Cumulative evidence. Misrepresentations. Tried Before Judge ALEXANDER. Laurens Superior Court. October Term, 1871.

Hayden Hughes filed his bill against John B. Coursey, containing, substantially, the following allegations: That said Coursey brought an action for damages, from breach of

contract against complainant, and at the April Term, 1869, of Laurens Superior Court, a judgment was rendered for the plaintiff for $350, with interest and costs of suit; that complainant moved for a new trial, which motion was overruled at April Term, 1871; that a bill of exceptions to said decision was filed in accordance with the statute, and placed upon the docket of the Supreme Court for a hearing, at the June Term, 1870, of said Court; that counsel was prepared to represent complainant in the Supreme Court, but was prevented from so doing by representations of counsel for defendant; that Rivers, counsel for complainant, was approached by Stanley, counsel for defendant, and urged to consent that said case might be placed at the heel of the docket of the Supreme Court, for, on account of the health of his (Stanley's) wife, it would be very inconvenient for him to attend and argue said cause in its regular order; that he had recently had an interview with John Rutherford, Esq., an attorney of said Court, who stated that, under a rule of said Court, counsel could, by agreement, transfer a case to the heel of the docket, and all that was necessary to accomplish this end was to write to the Clerk, inform him of the consent, and ask him to make the transfer; complainant charges that his said counsel, acting under the aforesaid representations, and influenced wholly by a desire to accommodate his friend, Mr. Stanley, entered into the consent to postpone the case, believing, at the time, that such was the rule and practice of the Supreme Court in reference to the transfer of cases; that complainant's counsel, under these circumstances, failed to attend the Supreme Court on the day said cause was called, in its order, and there being no one representing the plaintiff in error, the writ of error was dismissed; prayer, that any further proceeding on the judgment or execution aforesaid be enjoined until the further order of the Court; that the verdict and judgment be set aside and a new trial awarded; that the writ of subpœna issue.

Exhibit "A" contained the record of the suit in favor of John B. Coursey *vs.* Hayden Hughes. The declaration con-

tained, substantially, the following allegations : That on or about the second Monday in October, 1866, Hayden Hughes entered into a contract with petitioner for his services as overseer or agent on said Hughes' plantation for the year 1867, petitioner to be paid $500, and to be furnished with supplies of all kinds sufficient to maintain petitioner and his family, consisting of a wife and five children, for the year 1867 ; that petitioner prepared to enter the service of said Hughes, at great expense; that, after petitioner had entered upon his duties as aforesaid, to-wit: on January 1st, 1867, said Hughes ejected petitioner and his family from said plantation, to his damage $1,500.

Hayden Hughes pleaded the general issue; further, that he contracted with plaintiff, upon condition that defendant could employ labor; that, afterward, plaintiff and defendant had a full settlement, and plaintiff left his service voluntarily.

The jury found a verdict for the plaintiff for $350 and cost.

Exhibit "B" contained the proceedings in said cause after verdict substantially as follows, to-wit :

Counsel for defendant moved for a new trial upon the following grounds, to-wit :

1st. Because the verdict is contrary to law.

2d. Because the verdict is contrary to evidence.

3d. Because the verdict is contrary to the evidence and the principles of justice and equity.

4th. Because the verdict is decidedly and strongly against the weight of evidence.

5th. Because of newly discovered evidence material to the case.

In support of the last ground the affidavits of Nathan Jones, Elmira Hughes and John Hughes, to the effect that plaintiff had attempted to employ for his own place, for the year 1867, hands in the service of defendant, were appended.

The Court overruled the motion for a new trial, and the defendant, Hayden Hughes, excepted.

Hughes *vs.* Coursey.

. The Court refused the injunction, and plaintiff in error excepted and assigns said ruling as error.

LYON, DeGRAFFENREID & IRVIN; HANSELL & HANSELL, represented by B. H. HILL; JONATHAN RIVERS, for plaintiff in error.

No appearance for defendant.

McCAY, Judge.

We are very reluctant to do anything looking toward a relaxation of the effect of the judgments of this Court. But no judgment, obtained in any Court, in favor of one whose fault produced the judgment ought in justice to stand. Not only the bill but the affidavit of the counsel of the defendant in error shows that the case was dismissed here in consequence of the fault of the defendant's counsel. Mr. Rivers was ready to come here and give the case his attention. He did not come in consequence of the statements of Mr. Stanley, and solely to accommodate him. It seems outrageous that a judgment should go in favor of the defendant in error and to the profit and gain of such defendant when the whole fault was, as is admitted, in him. As this seems a meritorious case, and the motion for new trial failed by the fault of the defendant, we, with some reluctance, reverse the judgment.

If it be true, as the affidavits appended to the motion for a new trial show, that the plaintiff in the original suit was the cause, or a leading cause why Hughes was unable to get hands for the new year, it would be a very strong reply to his claim against Hughes. Nothing of this appeared in the pleadings or in the evidence at the trial, and it would, as we think, be a misuse of the word to call this cumulative testimony. True, it adds to the defenses Hughes has, but it is not evidence on the same line of defense set up by the pleadings and evidence at the trial.

Judgment reversed.